IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DANIEL RANDLE, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| FRITO LAY, INC., | § | |
| | § | |
| Defendant | § | |

COMPLAINT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT:

I. PARTIES

1. Randle is an individual residing in Dallas County, Texas. Frito Lay, Inc. ("FLI") is a corporation with an office in Collin County, Texas.

II. SERVICE OF PROCESS

2. FLI may be served by delivering a copy hereof, together with summons, to the registered agent of FLI, CT Corporation Systems, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

III. JURISDICTION

3. (a) Subject Matter

This court has federal question jurisdiction (28 U.S.C. § 1331) because the conduct of FLI constitutes violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101.

(b) *In personum*

This court has *in personum* jurisdiction because FLI does business in Texas.

## IV. VENUE

4. Venue is proper in the Eastern District of Texas because pursuant to 28 U.S.C. § 1391 (b)(1) because FLI has an office in Collin County which is in the Eastern District of Texas.

## V. FACTS

5. Randle was wrongfully terminated by FLI on December 31, 2018. He worked for FLI as a certified diesel mechanic. He was discriminated against by FLI because of multiple disabilities – torn ligaments, sprained neck, and nerve damages. Randle received his right to sue letter on May 6, 2020, and thus he has exhausted his administrative remedies, and this suit is timely. Randle was denied the right to return to work by FLI when FLI failed to provide treatment for a work injury that it caused that became a disability. He was discriminated against by FLI.

## VI. CAUSE OF ACTION

6. The conduct of FLI constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101.

## VII. COMPENSATORY DAMAGES

7. Randle has suffered compensatory damages of two types: (1) back pay; and (2) emotional distress, mental anguish and reduced ability to enjoy life. The back pay is $144,000. The latter type of damages are inherently unliquidated and subject to the discretion of the jury but are estimated to be $200,000. Randle requests judgment for same.

## VIII. EXEMPLARY DAMAGES

8. Because the conduct of FLI was malicious and intentional, Randle will be entitled to an award of exemplary damages in the maximum amount allowed by Tex. Civ. Prac. & Rem. Code § 41.008 for which Randle requests judgment.

## IX.     ATTORNEYS' FEES

9. The federal statute cited above authorizes an award of attorneys' fees that are estimated to be $80,000 through the jury trial, an additional $60,000 in the event of an appeal to the Court of Appeals, and an additional $70,000 in the event review is sought in the Supreme Court of the United States.

## X.     PRAYER

Randle requests: (1) that FLI be served or otherwise suffer default; (2) that Randle be awarded all compensatory damages referred to above; (3) that Randle be awarded the exemplary or punitive damages requested hereinabove in order to prevent FLI and other persons and entities of similar ilk from engaging in such outrageous conduct in the future; (4) that Randle be awarded the attorneys' fees requested above; (5) that Randle be awarded his costs and all pre-judgment and post-judgment interest allowable by law; and (6) that Randle be awarded all other damages whether general or special, at law or in equity to which he may show himself to be justly entitled.

Respectfully submitted,

By /s/Dan S. Boyd
Dan S. Boyd
State Bar No. 02765500
BOYD & STAPLETON

P.O. Box 803596
Dallas, Texas 75380
dan@boydstap.com
Tel.   (214)478-0152
Fax:   (214)481-1878
Web    www.boydstap.com

XI.    JURY DEMAND

Pursuant to Fed. R. Civ. P. 38 (b), Randle demands trial by jury on all issues.